J. L. SMITH and WIFE *v.* CARTER BROS. & CO.

OMISSION TO PROVE FACT. *Cause of. Remanding of case.* Where this court can see from the record that a party has a clear right to relief if a certain fact be established, and that the omission to prove the fact has been occasioned by the litigation in the court below turning upon a point which assumed the existence of the fact, the cause may be remanded, for the purpose of taking proof on the fact, under the Code, section 3889.

### FROM M'NAIRY.

Appeal from the Chancery Court at Purdy. GEO. H. NIXON, J.

A. W. STOVALL for complainants.

J. W. PURVIANCE and D. W. HERRING for defendants.

COOPER, J., delivered the opinion of the court.

The complainant, J. L. Smith, owned a lot in the town of Falcon, on which he lived with his family,

and held a title bond to another lot across a street on which there was a lien for unpaid purchase money. The defendants, Carter Bros. & Co., filed a bill against Smith and his vendor to reach Smith's interest in the lot last mentioned, to satisfy a debt due from him to them. Such proceedings were had in the cause, to which Smith made no defense, that a decree was rendered in favor of complainants against Smith for their debt, and the land was ordered to be sold in satisfaction of the balance of purchase money, and then of complainants' judgment. Thereupon this bill was filed by Smith and wife, averring that the two lots were the only real estate in which the husband had any interest, that both lots did not exceed in value $1,000, and that they were entitled to a homestead right in the lot ordered to be sold. The defendants answered, and filed a cross-bill for the purpose, in the event the court should find that Smith and wife were entitled to homestead in the lot in controversy, to sell the husband's remainder interest in both lots. Upon final hearing, the chancellor found, and so decreed that Smith and wife were entitled to homestead in the lot, and dismissed the cross-bill. The Referees report that the decree should be reversed, and the original bill dismissed, because the complainants had failed to prove that the two lots were together of less value than $1,000. The complainants except.

The grounds of exception are, that although there is no proof of the value of the lots, sufficient appears on the face of the pleadings to show that the fact was taken for granted by both parties that they were

worth less than $1,000; and secondly, that if proof is necessary, the omission to introduce it was by oversight without culpable negligence, and, instead of dismissing the bill, the cause should be remanded to supply the defect, under the Code, section 3889.

The answer and cross-bill of Carter Bros. & Co. do not, in terms, admit that the lots are of less value than $1,000, but the cross-bill is filed upon the supposition that the court may so find the fact to be. And the real controversy made in the court below, as we can see from the chancellor's decree, was whether, under the act of 1879, chapter 171, if the homestead claimed were allowed, there was any remainder interest in the realty which the husband's creditors could subject?

Section 3889 of the new Code, is: "The court shall also, in all cases where, in its opinion, justice can not be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right." In construing this section this court, by Freeman, J., has said: "The true principle of the statute is, that where we can see that the party has a clear right, so that injustice will be done by dismissing his bill, but his suit fails from a neglect not culpable, it is the duty of the court to remand that justice may be done: *Wood* v. *Neely*, 7 Baxt., 586.

The complainants in the case before us have a clear right to homestead in the lot in controversy, if the two

34—VOL. 16.

lots are worth less than $1,000. For, although the husband has not set up the defense of homestead in the original suit, as he might have done, yet the homestead right of the husband and wife, when the relation exists, can not be lost except by their joint deeds, or by legal proceedings to which they are both parties: *Mack* v. *Russell,* 1 Lea, 543; *Nichol* v. *County of Davidson,* 3 Tenn. Ch., 547, 555; *Joyce* v. *Tomlin,* manuscript opinion at Jackson, April term, 1884. The failure to make proof as to the value of the lots, we can plainly see from the record, was from neglect not culpable, and the case comes within the statute.

The exceptions to the report of the Referees will be sustained, the chancellor's decree reversed, and the cause remanded, with leave to both parties to take proof, in the usual time, as to the value of the two lots. The complainants will pay the costs of this court. The costs of the court below will abide the future orders of the chancellor.